IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL LAROSE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-0931 |
| | : | |
| ALBERTO GONZALES, | : | (Judge Jones) |
| | : | |
| Respondent | : | |

**ORDER**

May 10, 2005

**Background**

Emmanuel Larose ("Petitioner" or "Larose") filed this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241 regarding his detention at the Plaquemines Parish Detention Center, in Braithwaite, Louisiana.[1] In his Petition, which was filed on May 6, 2005, Larose describes himself as being a detainee of the Bureau of Immigration and Customs Enforcement ("BICE"). The Petition is not accompanied by either the required filing fee or an in forma pauperis application.

---

[1] The return address on the envelope containing the Petition indicates that it was mailed from Louisiana on May 2, 2005.

Named as Respondent is Secretary Alberto Gonzales of the Department of Homeland Security.  Petitioner indicates that he is a native of Haiti who is being detained by the BICE pending his deportation.  His Petition challenges his pending removal on the grounds that he did not commit an aggravated felony and his rights under the provisions of the Convention Against Torture ("CAT") have been violated.  He also seeks an emergency stay of deportation.  (See Rec. Doc. 1, at 1).  In a notice filed May 9, 2005, Petitioner indicates that his removal may be scheduled for May 16, 2005.  (See Rec. Doc. 3).

Relief pursuant to § 2241 may only be sought in the district court having jurisdiction over a petitioner's custodian.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district; the district of confinement); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  Larose has informed the Court that at the time his Petition was filed, he was confined at the Plaquemines Parish Detention Center which is located within the confines of the United States District Court for the Western District of Louisiana.  28 U.S.C. § 1406(a) permits a district court, in the interests of justice, to transfer a case where the venue is improper to another district court in which it could have been brought.

This Court clearly lacks jurisdiction over the Warden of the Plaquemines Parish Detention Center. Consequently, pursuant to § 1406(a), Larose's Petition will be transferred to the Western District of Louisiana. Furthermore, in the interests of justice, Petitioner's request for a stay of deportation will be temporarily granted pending further action by the transferee court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner is granted temporary leave to proceed in forma pauperis for the sole purpose of the filing of the Petition with this Court.

2. The Clerk of Court is directed to transfer this Petition to the United States District Court for the Western District of Louisiana.

3. Petitioner is granted a temporary stay of deportation pending further action by the transferee court.

4. The Clerk of Court is directed to close the case.

        s/ John E. Jones III
        JOHN E. JONES III
        United States District Judge