IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMMANUEL LAROSE, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-05-0931
:
ALBERTO GONZALES, et al. : (Judge Jones)
:
    Respondents :

## ORDER

November 16, 2005

**Background**

On May 6, 2005, Emmanuel Larose ("Petitioner" or "Larose") filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while detained at the Plaquemines Parish Detention Center, in Braithwaite, Louisiana.[1] Named as Respondents were Secretary Alberto Gonzales of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner stated that he is a native of Haiti who is being detained by the ICE pending his deportation. His Petition challenged his pending removal on the grounds that he did not commit an aggravated felony and his rights under the provisions of the

---

[1] Approximately three (3) weeks after the transfer of his Petition, Larose notified the Court that he had been transferred to the York County Prison. See Rec Doc. 10.

Convention Against Torture (CAT) have been violated. He also sought an emergency stay of deportation.

By Memorandum and Order dated May 10, 2005, this Court granted Petitioner temporary in forma pauperis status, a temporary stay of deportation, and transferred his Petition to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a). Presently pending before the Court are Petitioner's motions seeking reconsideration. See Rec. Docs. 8 & 9.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Larose's reconsideration motions do not present any facts or arguments which would undermine this Court's prior determination that it lacked jurisdiction over the Warden of the Plaquemines Parish Detention Center and that jurisdiction for Petitioner's action rested solely with the district court having jurisdiction over his custodian.  It is additionally noted that this Court now lacks jurisdiction over Petitioner's claims under Section 106 of the REAL ID Act of 2005[2] which became effective on May 11, 2005.  Since Larose's reconsideration motions fail to establish the presence of any errors of law or fact and do not set forth any newly discovered evidence or precedent, they will be denied.

---

[2] Section 106 amended section 242(a) of the Immigration and Nationality Act to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals.  H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231.

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Petitioner's Motions for Reconsideration (docs. 8 & 9) are DENIED.

        s/ John E. Jones III
        JOHN E. JONES III
        United States District Judge